IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANNER LIFE INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | C.A. No. 3:25-cv-405 |
| v. | § § § | |
| ASHTON NICOLE BAILEY; XAVIER STEPHON THIERRY; GLENDA BELL; and DAMIEN MONTAGUE ROBERTS, | § § § § § | |
| *Defendants.* | § § § | |

## BANNER LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Plaintiff, Banner Life Insurance Company ("Banner") by and through its attorneys of record, Timothy A. Daniels and Stoker G. Burt of Figari + Davenport, state as follows for its claim against Defendants:

## NATURE OF ACTION

1. This is a Complaint for Interpleader brought pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) concerning the rights and obligations of the parties pursuant to a life insurance contract issued by Banner insuring the life of Darrell Thierry as the insured and owner of life insurance policy No. 17B937498, issued with a benefit amount of $1,200,000 (the "Policy"), $408,000 of which is currently disputed.

## THE PARTIES

2. Ashton Nicole Bailey ("Ashton") is a citizen of the State of Texas who resides in Cedar Hill, Texas.

3. Xavier Stephon Thierry ("Xavier") is a citizen of the State of Texas who resides in Allen, Texas.

4.     Glenda Bell ("Bell") is a citizen of the State of Texas who resides in Kyle, Texas.

5.     Damien Montague Roberts ("Damien") is a citizen of the State of Texas who is incarcerated and, upon information and belief, is presently residing in Haskell, Texas, at the Rolling Plains Detention Center.

6.     Banner is a citizen of the State of Maryland, as it is an insurance company duly organized and existing under the laws of the State of Maryland with its principal place of business in that State. Banner is authorized to transact insurance business, including the sale of insurance and annuities, in the State of Texas and was so authorized at all times pertinent thereto.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), in that diversity of citizenship exists between Banner and all of the Defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     Because the claims of the defendants may expose Banner to double or multiple liability, Banner, pursuant to Fed. R. Civ. P. 22, interpleads the defendants and seeks leave to deposit its admitted liability with the Court to await its further orders and instructions concerning which of the defendants are entitled to those amounts.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391 in that one or more of the defendants lives in this judicial district.

## RELEVANT FACTS

10.     Banner issued the Policy with an issue date of May 19, 2006.  *See* Policy attached hereto as Exhibit 1.

11.     Darrell Thierry's last beneficiary designation before his death identified Defendants Ashton, Xavier, and Damien, all of whom were identified as his children, as the

Policy's primary beneficiaries, with each entitled to 33% of the Policy's death benefits, except Damien who would get 34%. Darrell Thierry identified Defendant Bell, his sister, as the sole contingent beneficiary. *See* "Beneficiary Designation Form" attached with Exhibit 1.

12. Darrell Thierry was killed on November 21, 2020. According to his Certificate of Death, Darrell Thierry died of "gunshot wounds to the head" after "[his] son shot him in the head multiple times." *See* Certificate Death attached hereto as Exhibit 2.

13. Damien was arrested in connection with the death of Darrell Thierry and charged with Murder (Family Violence), Tex. Penal Code Ann. § 19.02 (West), and Aggravated Assault with Deadly Weapon (Family Violence), Tex. Penal Code Ann. § 22.02 (West), in Hays County, Texas. *See State of Texas v. Damien Roberts*, Case No. CR-20-5438-B.

14. According to the Hays County, Texas, Register of Action, Damien is scheduled to stand trial in April 2025 on the Murder and Aggravated Assault with a Deadly Weapon charges against him.

15. Texas law bars payment of the death benefits designated for Damien if he "is a principal or an accomplice in wilfully bringing about the death of" Darrell Thierry. Tex. Ins. Code Ann. § 1103.151.

> A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in wilfully bringing about the death of the insured.

*Id.*

16. In light of Section 1103.151 and the charges against him, Banner cannot pay Damien's interest to him without exposing itself to double or multiple liability to those who would be entitled to some or all of that interest if Damien's interest, in fact, has been forfeited.

17. Federal common law also would bar Damien's recovery of the Policy's death benefits if he murdered Darrell Theirry. *See Metropolitan Life Ins. Co. v. White*, 972 F.2d 122, 124 (5th Cir. 1992); *Mut. Life Ins. Co. v. Armstrong*, 117 U.S. 591, 598, (1886).

18. Banner has distributed 33% of the Policy's death benefits to Defendants Ashton Nicole Bailey and Xavier Stephon Thierry, each, in accordance with Darrell Thierry's last beneficiary designation. The funds Banner seeks to deposit with this Court are Damien's 34% interest in the Policy's death benefits, which remains unpaid.

19. Even if it is established that Damien forfeited his beneficiary interest, paying his interest to any other party could expose Banner to double or multiple liability because Texas law arguably points to different beneficiaries than the Policy and Darrell Theirry's most recent Beneficiary Designation Form.

20. Texas law provides that "if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract." Tex. Ins. Code Ann. § 1103.152 (West).

21. Depending on how Section 1103.152 is construed, it may mean contingent beneficiary Bell is entitled to Damien's share of the Policy's death benefits.

22. The Policy states that "the interest of any beneficiary who dies before the insured will pass to any surviving beneficiaries according to their respective interest." Ex. 1, p. 7.

23. The most recent Beneficiary Designation Form Darrell Thierry completed states, "[a] contingent beneficiary will receive the benefits in the event no Primary Beneficiary is living or exists at the time of the insured's death." *See* Beneficiary Designation Form attached with Ex. 1.

24. Whether the terms of the Policy and Beneficiary Designation Form govern the distribution of Damien's interest (if he has forfeited that interest), or whether Section 1103.152 overrides their terms and entitles Bell to Damien's interest are questions of law that prevent Banner form paying that interest to any party without also exposing itself to double or multiple liability.

25. The competing interests and potentially conflicting claims to Damien's interest in the Policy's death benefits give rise to a real and reasonable fear of exposure on Banner's part to double liability and multiple litigation if Banner paid the Policy's remaining death benefits to any of the Defendants.

26. Banner is a disinterested stakeholder claiming no interest in the proceeds of the Policy, and is indifferent as to which of the Defendants is entitled to those amounts. Justice and equity dictate that Banner should not be subject to the disputes, or potential disputes, among Defendants to the remaining Policy proceeds.

27. Banner seeks to discharge its remaining admitted liability under the Policy by depositing the same with this Court.

28. Defendants are joined in this Interpleader so that this Court can identify the individual or individuals (including Damien) who are entitled to Damien's interest in the Policy's remaining death benefits.

29. Banner respectfully requests that this Court order Defendants to litigate all matters relevant to the Policy amongst themselves and that the Court dismiss and discharge Banner from all further proceedings and award Banner its reasonable attorney's fees and costs out of the proceeds deposited with the Court.

**WHEREFORE**, Banner Life Insurance Company respectfully requests that the Court enter an order or orders granting it the following relief:

A. Granting Banner Life Insurance Company leave to deposit the remaining proceeds of life insurance policy No. 17B937498 together with interest, if applicable, with this honorable Court or its clerk at the Court's direction, subject to further Order of this Court;

B. Enjoining Ashton Nicole Bailey, Xavier Stephon Thierry, Glenda Bell, and Damien Montague Roberts, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Banner Life Insurance Company in any state or federal court or other forum with respect to the remaining proceeds payable under the terms of life insurance policy No. 17B937498 and on account of the death of Darrell Thierry, the owner and insured, and that said injunction issue without bond or surety;

C. Granting judgment to Banner Life Insurance Company with the finding that it has no further liability to Ashton Nicole Bailey, Xavier Stephon Thierry, Glenda Bell, and Damien Montague Roberts, or to any person or entity claiming through them, for the proceeds payable under the terms of the life insurance policy No. 17B937498 and on account of the death of Darrell Thierry;

D. Finding that Banner Life Insurance Company has acted in good faith by interpleading the remaining proceeds of life insurance policy No. 17B937498 with the Court or its clerk;

E. Excusing Banner Life Insurance Company from further attendance in connection with this cause, ordering the adverse and potentially adverse claimants, Ashton Nicole Bailey, Xavier Stephon Thierry, Glenda Bell, and Damien Montague Roberts to litigate their claims and contentions concerning the remaining proceeds of life insurance policy No. 17B937498 without further involving Banner Life Insurance Company;

F. Entering judgment in favor of Banner Life Insurance Company, and against Ashton Nicole Bailey, Xavier Stephon Thierry, Glenda Bell, and Damien Montague Roberts, on its Interpleader claim with an express finding of finality pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

G. Awarding Banner Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Interpleader action, such costs to be deducted from the amount deposited with the Court or its clerk; and,

H. Granting Banner Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: February 18, 2025

Respectfully submitted,

By: */s/ Stoker G. Burt*
    Timothy A. Daniels
    Texas Bar No. 05375190
    tim.daniels@figdav.com
    Stoker G. Burt
    Texas Bar No. 24116151
    stoker.burt@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

**ATTORNEYS FOR PLAINTIFF**
**BANNER LIFE INSURANCE COMPANY**