UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, § § § *Plaintiff*, § § v. § § ASHTON NICOLE BAILEY, et al., § § *Defendants*. § | Civil Action No. 3:25-CV-0405-X |

### MEMORANDUM OPINION AND ORDER

Interpleader-Plaintiff Banner Life Insurance Company (Banner) filed a Motion for Default Judgment (Motion) against Interpleader-Defendants Glenda Bell (Glenda) and Damien Montague Roberts (Damien). (Doc. 34). Banner obtained the clerk's default against both Glenda and Damien. (Doc. 33). For the reasons below, the Court **GRANTS** the Motion.

### I. Background

Banner issued a life insurance policy to Darrell Thierry (Darrell) in the amount of $1,200,000.00 (the "Policy"). Darrell designated his three children as his beneficiaries under the Policy—entitling Ashton Bailey (Ashton) to 33%, Xavier Thierry (Xavier) to 33%, and to Damien 34%. Darrell identified his sister, Glenda, as the sole contingent beneficiary.

Darrell was shot in the head by his son Damien and died in November 2020. Damien was convicted of murdering his father in April 2025. Because Damien is barred from his interest in Darrell's Policy, Banner asserted it could be exposed to

1

liability because the Policy could be read to have multiple beneficiaries of the remaining 34% interest. The question was, even if Damien was found to forfeit his interest in the Policy, would his percentage go to Glenda as the contingent beneficiary or be split amongst the remaining designated children, Ashton and Xavier.

At this stage in the proceedings, Damien has been convicted of the murder of Darrell—barring him from receiving his recovery of the benefits under the Policy. Damien has also failed to appear in this case. Further, the contingent beneficiary, Glenda, who may have asserted a claim to the remaining 34% under the Policy, also has failed to appear. Banner obtained a clerk's default against Damien and Glenda and now moves for default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a

complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds neither Damien nor Glenda is incompetent or a minor. The declaration from Banner's counsel indicates neither Damien nor Glenda is serving in the military. And while Rule 55 allows for hearings, it does not command them. As a result, a ruling without a hearing is proper.

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court now turns to the six *Lindsey* factors.[5] First, there are no material facts in dispute because neither Damien nor Glenda have filed any responsive pleading. Second, there exists no substantial prejudice because Damien and Glenda were served with First Amended Complaint for Interpleader (Complaint) but never answered. Third, Damien and Glenda's continual failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, there is no reason to believe Damien or Glenda have made a good faith mistake in failing to respond to the Complaint, or that excusable neglect explains why each failed to do so since both were served with the Complaint and given time to respond. Fifth, the entry of default judgment against Damien and Glenda is not harsh because the Court is not awarding any money damages from either of them. Instead, Banner's Complaint seeks only to deposit the disputed funds, serve all Defendants, and leave the case pursuant to a forthcoming motion. The sixth factor is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and, consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

Next, the Court must assess the merits of Banner's Complaint. Although Damien and Glenda, by virtue of their default, are deemed to have admitted Banner's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief. Rule 22 and 28 U.S.C. § 1332(a) allows

---

[5] *Lindsey*, 161 F.3d at 893.

parties with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead, even where the plaintiff denies liability in whole or in part to any or all the claimants. The Court has jurisdiction over this interpleader action under Rule 22 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Banner is a citizen of Maryland, and all Interpleader-Defendants are citizens of Texas. The amount in controversy exceeds $75,000.00, as the Policy's proceeds total approximately $408,000.00, which has been deposited with the Court.

Banner pled that it may be in danger of double or multiple liability because of Damien's involvement in the Darrell's murder.[6] Thus, the competing interests and potentially conflicting claims to Damien's interest in the death benefits under the Policy create a reasonable risk of double liability and multiple litigation if Banner were to pay the remaining proceeds to any Interpleader-Defendant.[7] Banner is a disinterested stakeholder claiming no interest in the proceeds of the policies and is indifferent as to whether Damien or Glenda are entitled to these amounts.[8]

Damien killed his father, the policy holder, by shooting him in the head. Texas law bars a beneficiary who kills the policyholder from receiving the life insurance policy benefits of the insured.[9] A jury found Damien guilty of murdering his father.[10]

---

[6] Doc. 24, ¶¶ 16–29.

[7] *Id.* at ¶ 30.

[8] *Id.* at ¶ 31.

[9] TEX. INS. CODE § 1103.151.

[10] Doc. 35 at 2.

5

As a result, the slayer rule applies, and Damien's 34% interest in Darrell's Policy is forfeited.[11]

The Complaint was served on Glenda via Rule 4 waiver on July 16, 2025, which she executed and returned on September 9, 2025.[12] However, signing a waiver of service does not constitute an "appearance" under Rule 55(b)(2) because it operates merely as a formal service of process and does not indicate any intent to defend.[13] A waiver of service simply marks the point after which the defendant must answer or risk default but does not in any way indicate that a defendant intends to defend.[14] Glenda did not otherwise file and serve an answer to Banner's Complaint in the required time.

The Court turns to the Policy itself to determine whether the co-beneficiaries should take the forfeited 34% interest or if the contingent beneficiary gets the remainder. The Policy states that "[a] contingent beneficiary will receive the benefits in the event no Primary Beneficiary is living or exists at the time of the insured's death."[15] If no primary beneficiary is living or exists, then the contingent beneficiary takes.[16] Here, although one primary beneficiary—Damien—is ineligible to receive his interest in the Policy, two other primary beneficiaries—Ashton and Xavier—are still eligible to take under the Policy. Glenda, as contingent beneficiary, would only

---

[11] TEX. INS. CODE § 1103.151.

[12] Doc. 31.

[13] *Rogers v. Hartford Life and Acc. Ins.*, 167 F.3d 933, 937 (5th Cir. 1999).

[14] *Id.*

[15] Doc. 1-1 at 36.

[16] *Id.*

be entitled to the benefits under the Policy in the event of the deaths or ineligibility of all three of the primary beneficiaries to the Policy.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Banner Life Insurance Company's motion for default judgment against Defendants Glenda Bell and Damien Montaque Roberts. All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 2nd day of March 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE